IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

                Plaintiff,

v.                                          OPINION and ORDER

OFFICER JOEL DESPAIN, OFFICER LAPORTA,        24-cv-650-jdp
and MADISON POLICE MEDIA,

                Defendants.

---

    Plaintiff Randin Divelbiss, proceeding without counsel, alleges that Madison police arrested him based on a false report of disorderly conduct and defamed him by publishing identifying information that people used to harass and threaten him. The court has allowed Divelbiss to proceed with the case without prepaying any portion of the filing fee. Dkt. 3. Divelbiss followed his original complaint, Dkt. 1, with a supplement to his complaint, Dkt. 4. I will consider these two documents together as the operative pleading.

    The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the complaint's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case because Divelbiss's federal-law claims are barred by the statute of limitations and he doesn't meet the requirements for diversity jurisdiction. I will also bar him from communicating with the court or it's clerk's office in any way other than by submitting a written submission in a lawsuit.

ALLEGATIONS OF FACT

In May 2020, Divelbiss was arrested by defendant Madison police officer Laporta after a couple called the police to falsely report that another driver had "given them the finger" and pointed on object at them and pretended to fire it at them as if it were a gun. Police used the witnesses' description of Divelbiss's car and traffic cameras to identify the car. Defendant police spokesperson Joel DeSpain issued a press release about the arrest and including Divelbiss's name and photos of his car. That press release was picked up by the media, who ran at least one story on the internet about it. The disorderly conduct charge against him was dismissed, but in the months following the incident, several people "mobbed" his car, made death threats against him, and pointed guns at him after recognizing his car from the photos. Dkt. 1, at 2.

ANALYSIS

Divelbiss attempts to bring claims under both federal and state law. He contends that defendants Laporta violated his First and Fourth Amendment rights by arresting him without probable cause based on lies from the couple who reported him to police. But Divelbiss can't bring these claims because too much time has passed since his arrest. For claims like these brought under 42 U.S.C. § 1983, federal courts use the statute of limitations governing personal injury actions in the state where the injury took place. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Wisconsin has a three-year personal injury statute of limitations. Wis. Stat. § 893.53. Divelbiss filed this lawsuit more than four years after his May 2020 arrest. A statute of limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002). I will dismiss Divelbiss's federal-law claims.

That leaves Divelbiss's state-law claim against defendant DeSpain for defaming him. Without any federal-law claims, Divelbiss cannot bring a state-law defamation claim against DeSpain in this federal court unless he were to show that the requirements for the court's diversity jurisdiction are met: that he and DeSpain are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. Divelbiss's complaint does not meet these standards. Divelbiss states that he is a citizen of Wisconsin. He doesn't assert the citizenship of defendants but there's no reason to believe that multiple Madison police officials are citizens of a state other than Wisconsin. And he asserts only $25,000 in damages, far below the $75,000 threshold.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this case is appropriate because there isn't any reason to think that Divelbiss could amend his complaint to fix the problems discussed above.

One final point. The clerk's office informs me that over the past week or so, it has received several phone calls from Divelbiss in which he used abusive, racist, and sexist language to harass court staff. He has also attempted to e-mail court staff about his cases using the court's electronic-filing help desk address, which is not the intended use for that address. Particularly given Divelbiss's misconduct, there is no legitimate reason for him to continue to contact the clerk's office directly. Accordingly, all further communications from Divelbiss must be in writing only, with a caption including the case number about which Divelbiss is communicating. If Divelbiss does not comply with this order, I will consider sanctions against him, including barring him from filing additional motions or new lawsuits in this court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

3. Plaintiff is directed to communicate with this court and its clerk's office in writing only.

Entered January 28, 2025.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge